IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LONNIE TURNER, | § | |
| TDCJ #655744, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-06-0293 |
| | § | |
| C.S. STAPLES, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER ON DISMISSAL

The plaintiff, Lonnie Turner, is a state inmate in custody of the Texas Department of Criminal Justice - Correctional Institutions Division (collectively, "TDCJ"). He brings this action under 42 U.S.C. § 1983, alleging violations of his civil rights. Turner proceeds *pro se* and he requests leave to proceed *in forma pauperis*. After reviewing all of the pleadings as required by 28 U.S.C. § 1915A(a), the Court concludes that this case must be **dismissed** for reasons that follow.

## I.   BACKGROUND

Turner is currently in custody at TDCJ's Wallace Pack Unit in Navasota, Texas. Turner sues the following individuals employed by TDCJ at the Pack Unit facility: (1) Assistant Warden C.S. Staples; (2) Major David Rice; (3) Captain Casey Parrot; (4) Lieutenant Patrick McDermott; and (5) Counsel Substitute Janie Cantu. Turner sues these individuals for violations of his civil rights in connection with a disciplinary conviction that

was entered against him in disciplinary case #20050357357, at the Pack Unit in August of 2005, for fighting with another inmate.

Alleging that the defendants conspired against him, Turner complains that his disciplinary proceeding was tainted with conflicts of interest, bias, and other improprieties. Turner complains, therefore, that the disciplinary conviction was entered against him in violation of his constitutional right to due process. Turner seeks compensatory and punitive damages from each of the defendants, as well as complete "exoneration" of the disciplinary charges against him and other assorted forms of equitable and injunctive relief. The Court concludes, however, that Turner's complaint must be dismissed for reasons discussed below.

## II.   <u>STANDARD OF REVIEW</u>

The complaint in this case is governed by the Prison Litigation Reform Act (the "PLRA"). Because the plaintiff is a prisoner who proceeds *in forma pauperis*, the PLRA requires that the district court scrutinize the basis of the complaint and, if appropriate, dismiss the case at any time if the court determines that the complaint "(i) is frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see also* 42 U.S.C. § 1997e(c) and 28 U.S.C. § 1915A(b). In conducting that analysis, a prisoner's *pro se* pleadings are reviewed under a less stringent standard than those drafted by attorneys and are entitled to a liberal construction that includes all reasonable inferences which can be drawn from them. *See Haines v. Kerner*, 404 U.S. 519 (1972); *Alexander v. Ware*, 714 F.2d 416, 419 (5th Cir. 1983).

"A district court may dismiss as frivolous the complaint of a prisoner proceeding IFP if it lacks an arguable basis in law or fact." *Geiger v Jowers*, 404 F.3d 371, 373 (5th Cir. 2005). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997). A review for failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard used to review a dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Newsome v. EEOC*, 301 F.3d 227, 231 (5th Cir.) (citing *Moore v. Carwell*, 168 F.3d 234, 236 (5th Cir. 1999) (citation omitted)), *cert. denied*, 537 U.S. 1049 (2002). Under that standard, courts must assume that the plaintiff's factual allegations are true, and a dismissal is proper only if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations. *See id*. (citations omitted).

## III.   DISCUSSION

### A.   The Complaint is Barred

Turner seeks monetary damages as well as declaratory, equitable, and injunctive relief for violations of due process in connection with his disciplinary conviction. It is well established that to recover damages for an allegedly "unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determinations, or called into question by a federal court's

3

issuance of a writ of habeas corpus [under] 28 U.S.C. § 2254." *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). If a judgment in favor of the plaintiff would "necessarily imply the invalidity of his conviction or sentence," then the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. *Id*. The rule in *Heck* also applies to claims for injunctive relief that imply the invalidity of the conviction. *See Kutzner v. Montgomery County*, 303 F.3d 339, 340-41 (5th Cir. 2002). In this context, a "conviction" includes a prison disciplinary proceeding that results in a change to the prisoner's sentence, such as the loss of good time credits. *See Edwards v. Balisok*, 520 U.S. 641 (1997); *see also Muhammad v. Close*, 540 U.S. 749 (2004) (recognizing that *Heck* bars claims for monetary damages or equitable relief raising an implication about the validity of a prison disciplinary conviction affecting the duration of time to be served where that conviction bears on the award or revocation of good-time credits).

The alleged due process violations outlined by Turner necessarily implicate the validity of his disciplinary conviction. Exhibits attached to the complaint show that the conviction was affirmed on administrative appeal and that it has not been set aside by an authorized tribunal. A claim that bears a relationship to a conviction or sentence that has not been so invalidated is not cognizable under 42 U.S.C. § 1983. *Heck*, 512 U.S. at 486-87. Because Turner's disciplinary conviction has not been set aside, his civil rights claims are not cognizable under 42 U.S.C. § 1983. Accordingly, these claims must be dismissed with prejudice for failure to state a cognizable claim. *See Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996) (explaining that claims barred by *Heck* are "dismissed with prejudice to

4

their being asserted again until the *Heck* conditions are met").  Alternatively, even if not barred by *Heck*, Turner's complaint fails to state a claim for reasons discussed briefly below.

### B.    The Claims are Without Merit

In the disciplinary hearing context a prisoner's rights, if any, are governed by the Due Process Clause of the Fourteenth Amendment to the United States Constitution.  *See Wolff v. McDonnell*, 418 U.S. 539, 557 (1974).  However, prisoners charged with institutional rules violations are entitled to rights under the Due Process Clause *only* when the disciplinary action may result in a sanction that will infringe upon a constitutionally protected liberty interest.  *See Sandin v. Conner*, 515 U.S. 472 (1995).  Liberty interests emanate from either the Due Process Clause itself or from state law. *See Kentucky Dept. of Corrections v. Thompson*, 490 U.S. 454, 460 (1989).  Liberty interests arising from state law are "generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, . . . , nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin*, 515 U.S. at 484 (internal citations omitted). Only those state-created substantive interests that "inevitably affect the duration of [a prisoner's] sentence" may qualify for constitutional protection under the Due Process Clause. *Id*. at 487. *See also Orellana v. Kyle*, 65 F.3d 29, 31-32 (5th Cir. 1995), *cert. denied*, 516 U.S. 1059 (1996).

As a result of his disciplinary conviction, Turner temporarily lost commissary and recreational privileges for thirty days and he was reduced in class status from S3 to S4.

(TDCJ Disciplinary Report and Hearing Record, Case #20050357357).  Turner argues further that the disciplinary conviction has caused at least a six-month delay in his opportunity to transfer to another prison unit for the purpose of participating in an educational program.  None of these consequences rises to the level of a liberty interest protected by the Due Process Clause.

According to well-settled precedent, sanctions that are "merely changes in the conditions of [an inmate's] confinement" do not implicate due process concerns.  *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997).  Limitations imposed upon commissary or recreational privileges and the like are the type of sanctions that do not pose an atypical or significant hardship beyond the ordinary incidents of prison life.  *See Madison*, 104 F.3d at 768; *see also Sandin*, 515 U.S. at 486 (refusing to recognize a liberty interest in administrative segregation).  The Fifth Circuit has also decided that a reduction in a prisoner's class status and its potential impact on good-time credit earning ability are not protected by the Due Process Clause.  *See Malchi v. Thaler*, 211 F.3d 953, 958 (5th Cir. 2000); *Luken v. Scott*, 71 F.3d 192, 193 (5th Cir. 1995), *cert. denied*, 517 U.S. 1196 (1996).  Likewise, a prison inmate has no constitutional right to participate in educational, vocational, or rehabilitative programs.  *See Beck v. Lynaugh*, 842 F.2d 759, 762 (5th Cir. 1988) ("[A] state has no constitutional obligation to provide basic educational or vocational training to prisoners."); *Lato v. Attorney General*, 773 F. Supp. 973, 978 (W.D. Tex. 1991) ("The United States Constitution does not mandate educational, rehabilitative, or vocational programs.").

Because lost privileges and a reduction in class status do not implicate a constitutionally protected liberty interest, any challenge to these disciplinary sanctions fails to state a cognizable claim. Likewise, any delay occasioned by the disciplinary conviction in connection with Turner's educational opportunities does not infringe upon a constitutional right. Absent an allegation that the plaintiff has been deprived of some right secured to him by the United States Constitution or laws of the United States, Turner fails to show that he is entitled to relief. *See Orellana*, 65 F.3d at 31; *Hilliard v. Board of Pardons and Paroles*, 759 F.2d 1190, 1192 (5th Cir. 1985). Accordingly, his complaint fails to state a claim for this alternative reason.

## IV.   <u>CONCLUSION</u>

Based on the foregoing, the Court **ORDERS** as follows:

1.      The plaintiff's request for leave to proceed *in forma pauperis* (Docket Entry No. 2) is **GRANTED**.

2.      The TDCJ Inmate Trust Fund is **ORDERED** to deduct funds from the inmate trust account of Lonnie Turner (TDCJ #655744) and forward them to the Clerk on a regular basis, in compliance with the provisions of 28 U.S.C. § 1915(b), until the entire filing fee ($250.00) has been paid.

3.      The plaintiff's complaint is **DISMISSED** with prejudice, under 28 U.S.C. § 1915(e)(2)(B), for failure to state a claim.

**The Clerk is directed to provide copies of this order to the parties; to the TDCJ - Office of the General Counsel, P.O. Box 13084, Austin, Texas, 78711, Fax Number (512) 936-2159; to the Inmate Trust Fund, P.O. Box 629, Huntsville, Texas, 77342-0629, Fax**

Number (936) 437-4793; and to the District Clerk for the Eastern District of Texas,

Tyler Division, 211 West Ferguson, Tyler, Texas, 75702, Attention: Betty Parker.

SIGNED at Houston, Texas, on **January 31, 2006.**

Nancy F. Atlas
United States District Judge